# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos.  98-2936WM, 98-3043WM

_____

| | | |
|---|---|---|
| Kansas City Power & Light Company, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | On Appeal from the United |
| Jack R. Manson, | * | States District Court for |
| | * | the Western District of |
| Intervenor Defendant-Appellee, | * | Missouri. |
| | * | |
| Western Resources, Inc.; Robert L. Rives, | * | |
| | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  March 8, 1999

Filed:  March 17, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

_____

[1]The Hon. Lyle Strom, United States District Judge for the District of Nebraska, sitting by designation.

These appeals (an appeal and a cross-appeal) come from an order of the District Court[2] in a corporate-takeover case. For a description of the underlying litigation, which involved a question of Missouri corporation law, see Kansas City Power & Light Co. v. Western Resources, Inc., 939 F. Supp. 688 (W.D. Mo. 1996). The District Court awarded approximately $520,000 in fees and costs to two law firms representing a shareholder of Kansas City Power & Light Company who intervened in the case.

In the main appeal, brought by Jack R. Manson, the intervening shareholder, the major argument raised is that the District Court erred in awarding fees on the "lodestar" basis, taking into account only the hours expended by the attorneys and what the Court found to be a reasonable hourly rate. Mr. Manson argues that the Court should have used a different method, the "percentage of benefit" approach, a method which, in the estimation of appellant, would have produced a fee award in the neighborhood of six million dollars. Mr. Manson also argues that the District Court erred in fixing the attorneys' hourly rates. We affirm. The District Court was intimately familiar with the litigation before it, much more familiar than we could be, and was therefore in a position to judge the extent of the contribution that Mr. Manson and his lawyers made to a result favorable to their side on the issue of the interpretation of the Missouri corporation statute. In addition, the District Court was in the best position to determine the overall amount of the award. If appellant believes that one of his law firms has been undervalued, and the other one over-valued, he may easily make the adjustment himself. The award of fees and costs is to the client, not directly to the lawyers.

The cross-appeal is brought by Kansas City Power & Light Company, which argues that no fees should have been awarded. It is true, as the cross-appellant urges,

_____

[2]The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

that the lawsuit was brought by it, not by Mr. Manson. The original case was brought by Kansas City Power & Light Company against Western Resources, Inc., and a named shareholder of the plaintiff. As we have noted, Mr. Manson, appellant in the main appeal, was an intervenor. The District Court, however, was of the view that Mr. Manson and his lawyers contributed substantially to the result of the case, which was favorable to the Western Resources side. We defer to the District Court's assessment of the extent of Mr. Manson's contribution to this result. Kansas City Power & Light did not contest, in the District Court, either the hours expended or the hourly rates submitted. We see no abuse of discretion on the part of the District Court.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.